IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVERIO AZAMAR<br>9807 Doesena Drive<br>Montgomery Village, Maryland 20886<br><br>and<br><br>DANY FRANCISCO RAMOS AGUILAR<br>202 Garth Terrace<br>Gaithersberg, Maryland 20879<br><br>and<br><br>ROSA MIRIAM MESIA GUEVARA<br>9807 Dosena Drive<br>Montgomery Village, Maryland 20886<br><br>*On Behalf of Themselves and*<br>*All Others Similarly Situated*<br><br>PLAINTIFFS,<br><br>v.<br><br>STERN ENTERPRISES, INC.<br>6104 Ivyridge Court<br>Upper Marlboro, Maryland 20772<br><br>    SERVE: Resident Agent<br>    H. Gregory Skidmore<br>    100 S. Liberty Street<br>    Cumberland, Maryland 21502<br><br>and<br><br>LEON C. STERN<br>6104 Ivyridge Court<br>Upper Marlboro, Maryland 20772<br><br>    DEFENDANTS. | Civil Action No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Silverio Azamar ("Azamar"), Dany Francisco Ramos Aguilar ("Aguilar"), and Rosa Miriam Mesia Guevara ("Guevara) (collectively, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all others similarly situated, hereby complain against Defendants Stern Enterprises, Inc. ("the Company") and Leon C. Stern ("Stern") (together, "Defendants"), to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* ("MWPCL"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1.  Plaintiffs are adult residents of the State of Maryland. Plaintiffs' written consents to participate in this lawsuit is attached hereto as Exhibit 1.

2.  The Company is a Maryland corporation with its principal place of business in Maryland. The Company regularly engages in providing cleaning and janitorial services to various restaurants throughout the District of Columbia. Stern is, on information and belief, the President and principal owner of the Company. At all times relevant, Defendants were Plaintiffs' "employers" for purposes of the FLSA, MWPCL, DCMWA, and DCWPA.

3.  During Plaintiffs' employment, the Company was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, the Company qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce as required by 29

U.S.C. §§ 206-207. At all times relevant, Stern was Plaintiffs' supervisor and determined Plaintiffs' rate and method of pay.

4.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

### AZAMAR

5.      Azamar was employed by Defendants from approximately December 8, 2006 through May 10, 2008. At all times relevant, Azamar worked exclusively for Defendants as a full time employee and had no other employment. Azamar's job duties were primarily to clean restaurants in Washington, D.C. Azamar worked over forty (40) hours per week on a regular basis but was not compensated at the rate prescribed by law for overtime work.

6.      During his term of employment with Defendants, Azamar was paid approximately $1,000.00 in cash, usually, but not necessarily, every two weeks. Azamar worked approximately 140 hours every two weeks. While in Defendants employ, Azamar's regular rate of pay was approximately $7.14 per hour ($1,000.00 / 140 hrs). For all hours worked in excess of forty (40) per week, Azamar should have been paid at the overtime rate of $10.71 per hour ($7.14 x 1.5). However, Azamar was paid only at his regular hourly rate for all overtime hours worked. Azamar is owed "half time" for all overtime hours worked.

7.      Azamar did not perform work that meets the definition of exempt work under the FLSA or the DCMWA.

8.      Many times, Defendants refused to pay Azamar his wages despite Azamar's requests for payment. Defendants owe Azamar wages, in an amount to be determined, for hours worked for which he was not paid at all.

9.      Defendants never provided Azamar with a paycheck. Defendants never indicated to Azamar what, if any, deductions were being made from his gross pay, and Defendants never maintained any time records.

10.     Azamar's employment was terminated by Defendants because Azamar complained to Defendants that he was not being paid overtime as prescribed by law.

AGUILAR

11.     Aguilar was employed by Defendants from approximately March 31, 2008 through May 10, 2008. At all times relevant, Aguilar worked exclusively for Defendants as a full time employee and had no other employment. Aguilar's job duties were primarily to clean restaurants Washington, D.C. Aguilar worked over forty (40) hours per week on a regular basis but was not compensated at the rate prescribed by law for overtime work.

12.     During his term of employment with Defendants, Aguilar was paid approximately $650.00, in cash, usually, but not necessarily, every two weeks. Aguilar worked approximately 100 hours every two weeks. While in Defendants employ, Aguilar's regular rate of pay was approximately $6.50 per hour ($650.00 / 100 hrs). Aguilar's regular rate of pay was less than the District of Columbia minimum wage of $7.00 per hour during the relevant time period. Aguilar's regular rate should have been at least $7.00 per hour.

13.     For all hours worked in excess of forty (40) per week, Aguilar should have been paid at the overtime rate of $10.50 per hour ($7.00 x 1.5). However, Aguilar was paid only at his

Case 1:08-cv-01052-JDB   Document 1   Filed 06/18/2008   Page 5 of 13

regular hourly rate for all overtime hours worked. For all overtime hours worked, Aguilar is owed "half time," calculated as "half time" of the minimum wage.

14. Aguilar did not perform work that meets the definition of exempt work under the FLSA or the DCMWA.

15. Many times, Defendants refused to pay Aguilar his wages despite Aguilar's requests for payment. Defendants owe Aguilar wages, in an amount to be determined, for hours worked for which he was not paid at all.

16. Defendants never provided Aguilar with a paycheck, Defendants never indicated to Aguilar what, if any, deductions were being made from his gross pay, and Defendants never maintained any time records.

17. Aguilar's employment was terminated by Defendants because Aguilar complained to Defendants that he was not being paid overtime as prescribed by law.

GUEVARA

18. Guevara was employed by Defendants from approximately March 31, 2008 through May 10, 2008. At all times relevant, Guevara worked exclusively for Defendants as a full time employee and had no other employment. Guevara's job duties were primarily to clean restaurants in Washington, D.C. Guevara worked over forty (40) hours per week on a regular basis but was not compensated at the rate prescribed by law for overtime work.

19. During her term of employment with Defendants, Guevara was paid approximately $650.00, in cash, usually, but not necessarily, every two weeks. Guevara's worked approximately 100 hours every two weeks. While in Defendants employ, Guevara's regular rate of pay was $6.50 per hour ($650.00 / 100 hrs). Guevara's regular rate of pay was

5

less than the District of Columbia minimum wage of $7.00 per hour. Guevara's regular rate should have been at least $7.00 per hour.

20. For all hours worked in excess of forty (40) per week, Guevara should have been paid at the overtime rate of $10.50 per hour ($7.00 x 1.5). However, Guevara was paid only at her regular hourly rate for all overtime hours worked. For all overtime hours worked, Guevara is owed "half time," calculated as "half time" of the minimum wage.

21. Guevara did not perform work that meets the definition of exempt work under the FLSA or the DCMWA.

22. Many times, Defendants refused to pay Guevara her wages despite Guevara's requests for payment. Defendants owe Guevara wages, in an amount to be determined, for hours worked for which she was not paid at all.

23. Defendants' never provided Guevara with a paycheck, Defendants never indicated to Guevara what, if any, deductions were being made from her gross pay, and Defendants never maintained any time records.

24. Guevara's employment was terminated by Defendants because Guevara complained to Defendants that she was not being paid overtime as prescribed by law.

25. Plaintiffs are aware of other current and former employees of Defendants who are similarly situated in that they: (1) did not perform work which would qualify them as exempt from the overtime requirements of the FLSA and DCMWA; (2) were not paid as prescribed by law; (3) had wages unlawfully withheld; and (4) had their employment terminated by Defendants because they complained to Defendants that they were not paid for overtime work at the rate prescribed by law.

6

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

26.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-25 above, as if each were set forth herein.

27.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28.     Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiffs' "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

29.     Plaintiffs worked overtime on a regular basis. Plaintiffs were entitled to, and are owed, overtime pay at the rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) in a given work week. Defendants have failed and refused to compensate Plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

        WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief

this Court deems appropriate.

## COUNT II
### Violation of the Federal Fair Labor Standards Act
### (Unlawful Retaliation)

30. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-29 as if each were set forth herein.

31. FLSA section 215(a)(3) provides, in relevant part: "[I]t shall be unlawful for any person... to discharge or in any other manner discriminate against any employee because such employee has filed *any complaint* or instituted or caused to be instituted any proceeding under or related to this chapter..." (emphasis supplied).

32. Plaintiffs complained to Defendants that Plaintiffs were not being paid overtime at the rate prescribed by the FLSA. As a result of Plaintiffs' complaints, each Plaintiff was terminated from their employment with Defendants.

33. Defendants' termination of Plaintiffs' employment was in bad faith and was directly in retaliation for Plaintiffs' complaints to Defendants for Defendants' failure and refusal to pay overtime at the rate prescribed by the FLSA.

34. As a result of Defendants' unlawful termination of Plaintiffs' employment, Plaintiffs have lost wages and continue to lose wages. Plaintiffs have also suffered and continue to suffer severe mental anguish and other damages as a result of Defendants' retaliatory termination of their employment.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count II of their Complaint against Defendants, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) for compensatory damages and Two Hundred Fifty Thousand Dollars ($250,000.00) in punitive

damages, to each Plaintiff, as well as attorney's fees, the costs of this action, and any further relief this Court or a jury deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law

35.  Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-34 above, as if each were set forth herein.

36.  Plaintiffs were "employees," and Defendants were their "employers" within the meaning of the MWPCL §§ 3-501, *et seq*.  Under MWPCL § 3-505, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs all wages due for work that Plaintiffs performed. "Wage" is defined under MWPCL § 3-501(c) as "all compensation that is due to an employee for employment" including "a bonus; a commission; a fringe benefit; or any other remuneration promised for service."

37.  At all times relevant, Plaintiffs met in Maryland before work every work day and drove together in Defendants' automobiles to the Washington, D.C. restaurant locations.

38.  Plaintiffs worked many hours for which Defendants refused to pay Plaintiffs wages.  Defendants owe Plaintiffs back wages for services performed for which they were not paid.

39.  Defendants' failure and refusal to pay wages due as required by the MWPCL was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.  Under such circumstances, Plaintiffs may recover, in addition to wages owed, up to three (3) times the amount of the wages claimed as additional damages pursuant to MWPCL § 3-507.1(b), as well as reasonable attorney's fees and costs.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit), under Count III for all unpaid wages in such

amounts to be proven at trial, plus three (3) times the amount of unpaid wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

40.     Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-39 above, as if each were set forth herein.

41.     Plaintiffs were "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs overtime wages for work performed beyond forty (40) hours in a given workweek.

42.     Plaintiffs worked over forty (40) hours per week on a regular basis. Defendants owe Plaintiffs overtime pay at the rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay, or the DC minimum wage, whichever is higher, under the DCMWA.

43.     Defendants' failure and refusal to pay wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit), under Count IV, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT V
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

44. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-43 above, as if each were set forth herein.

45. Plaintiffs were "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs the minimum wage of at least $7.00 per hour and $10.50 for overtime hours worked in excess of forty (40) per week.

46. Defendants paid Aguilar and Guevara at the rate of $6.50 per hour for all hours worked. Defendants failed to pay Aguilar and Guevara the minimum wage for all hours worked. Defendants owe Aguilar and Guevara back wages for all hours worked under the DCMWA.

47. Defendants' failure and refusal to pay wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit), under Count V, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT VI
### Violation of D.C. Wage Payment and Wage Collection Act

48. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-47 above, as if each were set forth herein.

11

49.     Plaintiffs were "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq*. Under the DCWPA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs wages for work performed. Under the DCWPA § 32-1302, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs all wages due for work that Plaintiffs performed. "Wages" is defined under DCWPA § 32-1301(3) as, "monetary compensation after lawful deductions, owed by an employer for labor or services rendered…"

50.     Plaintiffs worked many hours for Defendants for which Plaintiffs were not paid wages. Defendants owe Plaintiffs back wages under the DCWPA.

51.     Defendants' failure and refusal to pay wages due as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit), under Count VI, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Philip B. Zipin
Philip B. Zipin, Bar No. 367362
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com

*Counsel for Plaintiffs*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Silverio Azamar, et al. | Stern Enterprises, Inc., et al. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Montgomery, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Montgomery, MD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Philip B. Zipin, Esq.
The Zipin Law Firm, LLC
8403 Colesville Rd. #610
Silver Spring, MD 20910
(301) 587-9373

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ◉ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 USC 201 et seq. - Failure to pay overtime, minimum wage, withholding of wages, FLSA retaliation

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

## VIII. RELATED CASE(S) IF ANY

(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 6/16/2008    SIGNATURE OF ATTORNEY OF RECORD *Philip B. Zip* (signature)

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.