IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SILVERIO AZAMAR, ET AL.

PLAINTIFFS,

v.

STERN ENTERPRISES, INC. ET AL.

DEFENDANTS

RECEIVED

DEC 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 1:08-cv-01052-JDB

**DEFENDANT'S MOTION TO DISMISS**

The complaint does not contain facts that would give plaintiffs a judgment. There are two periods of time in question October, 2007 til January, 2008 and March 2008 til April 2008. The complaint should be dismissed from the period of October 2007 til January 2008, because Coverall was responsible for paying Silverio Azamar. The money from October 2007 til January 2008 came from coverall. They are a necessary party without which the plaintiffs cannot go forward. In the period of March 2008 til April 2008 Silverio was an independent contractor who was paid bi-monthly via checks and if he didn't pay his employees that was his problem.

In addition, I am stating a charge of failure of service. The plaintiffs did not serve the Cleaning Infantry, Stern Enterprises nor any of its Corporate Officers. Time limit for service rule 4m was not followed. If service is not made in a 120 days case should be dismissed.

Respectfully submitted

Leon C. Stern

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that o this 31st day of December 2008, a true and correct coy of the foregoing Defendant's Motion to Dismiss was served on:
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Sprint, Maryland 20910