**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SILVERIO AZAMAR, *et al.* | * |
| | * |
| *On Behalf of Themselves and* | * |
| *All Others Similarly Situated* | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| v. | *   Civil Action No.: **1:08-cv-01052** |
| | * |
| STERN ENTERPRISES, INC., *et al.* | * |
| | * |
| DEFENDANTS. | * |

**************************************************************************

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, by and through undersigned counsel, hereby respond in opposition to the Motion to Dismiss ("Motion") filed by Defendants Stern Enterprises, Inc., The Cleaning Infantry, Inc., and Leon Stern (together, "Defendants").

1. On December 3, 2008, Plaintiffs filed and served, by first class mail, postage pre-paid, Defendants with their Second Amended Complaint on Stern Enterprises, Inc., Leon Stern, and The Cleaning Infantry, Inc. *See* Notice of Certificate of Service [Dkt. No. 15].

2. Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants were to file their Answer, or any other responsive pleading including the instant Motion, no later than ten (10) days after service of the Second Amended Complaint. Allowing three (3) days for mailing, Defendants' Answer was due no later than December 16, 2008.

3. Defendants failed to file an Answer or any other responsive pleading on or before that date. On December 31, 2008, following the submission of Plaintiffs' Affidavit for Default, the Clerk entered a Default as to the Cleaning Infantry, Inc., Stern Enterprises, Inc., and Leon Stern. *See* Entries of Default [Dkt. No. 19].

4.	On December 31, 2008, Defendants[1] filed the instant Motion.

5.	Defendants' Motion fails as it was filed after the time allotted by the Federal Rules.

6.	Defendants' Motion fails as it is moot.  The Court had already entered defaults against all Defendants.

7.	Defendants' Motion fails as it does not set forth facts or law on which it relies, pray for specific relief, or attach a proposed order[2].

8.	Assuming, *arguendo*, the Court *sua sponte* entertains Defendants Motion as a Motion to Vacate the Defaults, Defendants Motion fails as insufficient.

9.	Fed. R. Civ. P. 60(b) provides that a default may be vacated under the following circumstances:

>	(1)	mistake, inadvertence, surprise, or excusable neglect;
>	(2)	newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>	(3)	fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>	(4)	the judgment is void;
>	(5)	the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed, vacated, or it is no longer equitable that the judgment should have prospective application; or
>	(6)	any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

10.	Defendants' Motion does not allege the occurrence of circumstances listed in Rule 60(b).

---

[1] The title "Defendant's Motion to Dismiss" suggests a singular Defendant seeks dismissal.  Defendants, however, do not identify the specific Defendant seeking relief.  Plaintiffs will respond as if the Motion to Dismiss was filed by all Defendants.

[2] It is further notable that Leon Stern is not an attorney.  As a consequence, his representation of Stern Enterprises, Inc. and The Cleaning Infantry, Inc. in addition to his appearance *pro se* is unlawful as it is the practice of law without a license and a violation of Local Rule 44.1.

11.    Assuming, *arguendo*, Defendants' suggestion that Plaintiffs did not comply with the service requirements of Fed. R. Civ. P. 4(m) qualifies as cause for the defaults to be vacated; Defendants' assertion is counter-factual.

12.    Rule 4(m) states in relevant part, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."

13.    Plaintiffs' complied fully with Rule 4(m).

14.    On June 18, 2008, the Clerk issued summonses as to defendants Stern Enterprises, Inc. and Leon Stern.  On June 25, 2008, service of the summonses and the Complaint was served, by private process server, on Leon Stern personally and Stern Enterprises, Inc., by its President, Leon Stern.  *See* Affidavits of Service [Dkt. Nos. 11 & 12].

15.    On July 30, 2008, the Clerk issued a summons as to defendant The Cleaning Infantry, Inc.  On August 2, 2008, The Cleaning Infantry, Inc. was served, with the summons and a copy of the Amended Complaint by private process server, by its Resident Agent Lisa Jackson.  *See* Affidavit of Service [Dkt. No. 9].

16.    Finally, Defendants' Motion does not comply with Local Rule 7(g).

17.    Local Rule 7(g) requires a Motion to Vacate must "be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part."

18.    Defendants' Motion is not accompanied by a verified answer, an affidavit, or any explanation or suggestion as to Defendants' defenses to Plaintiffs' claims or Defendants' justification or excuse for filing its motion after a default had already been docketed.

WHEREFORE, for the foregoing reasons, Defendants' Motion to Dismiss should be DENIED.

                                        Respectfully submitted,

                                        _____/s/_____
                                        Gregg C. Greenberg, Bar No.: MD17291
                                        The Zipin Law Firm, LLC
                                        8403 Colesville Road, Suite 610
                                        Silver Spring, Maryland 20910
                                        (301) 587-6364 (phone)
                                        (301) 587-9397 (fax)
                                        ggreenberg@zipinlaw.com

                                        *Counsel for Plaintiffs*