UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SILVERIO AZAMAR, et al.,

    Plaintiffs,

        v.                                                    Civil Action No. 08-1052 (JDB)

LEON STERN, et al.,

    Defendants.

## MEMORANDUM OPINION

    This case arises from the claims of thirteen plaintiffs that defendants Leon Stern and The Cleaning Infantry, Inc., failed to pay plaintiffs the minimum wage, agreed-upon wages, and/or overtime wages for cleaning services they provided, and that plaintiffs suffered retaliation for requesting these wages, allegedly in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and District of Columbia and Maryland labor laws. See Second Am. Compl. (Dec. 3, 2008). The case has been at a standstill for over eight months due to Stern's failure to respond to plaintiffs' discovery requests.[1] Hence, plaintiffs have filed a motion for sanctions pursuant to Fed. R. Civ. P. 37, seeking entry of a default against Stern. The record amply establishes that Stern has willfully failed to respond to the written discovery requests propounded by plaintiffs, and hence the Court will grant plaintiffs' motion and enter an order of default against Stern.

    On December 7, 2009, plaintiffs served their First Set of Interrogatories on Stern. See Pl.'s Mem. at 1. Stern failed to respond within 30 days as required by Fed. R. Civ. P. 33(b)(2). Id. The Court issued an Order noting Stern's failure to be responsive to this litigation, including his failure to attend the Initial Scheduling Conference on December 17, 2009, and directed Stern

---

[1] A default was entered against The Cleaning Infantry on December 31, 2008.

to comply with his discovery obligations, or else face default.  See Order at 2-3 (Jan. 25, 2010).  Stern then undertook efforts to retain counsel, and plaintiffs effectively agreed to an extension of time for Stern's discovery responses as those efforts proceeded.  See Minute Order (April 9, 2010).  Counsel entered an appearance on Stern's behalf on April 6, 2010 (id.), but representation by counsel failed to result in Stern's compliance with the discovery requests.  The Court held a status hearing on July 2, 2010, at which the parties again discussed Stern's failure to respond to the discovery requests.  The Court granted one further extension of time, until July 16, 2010, for Stern to respond to plaintiffs' discovery requests.  See Second Revised Scheduling Order (July 2, 2010).  The Court emphasized that:

> In light of the long delays to date, Stern will not be granted a further extension of time to respond to the pending written discovery absent extraordinary circumstances.  Failure to respond may result in the imposition of sanctions against Stern under Fed. R. Civ. P. 37.

Id.  Two months have passed since the July 16, 2010 deadline, and Stern has failed to respond to the discovery requests without offering any explanation or excuse.

Plaintiffs' counsel, having waited seven months from the date it first served the discovery requests, filed the motion for sanctions shortly after the deadline had passed.  The Court ordered Stern to respond to the motion by August 16, 2010.  Stern has failed to respond to the motion.  The deadline for all discovery in the case expired on September 9, 2010, again with no response from Stern.

Under these circumstances, the Court finds that sanctions are warranted, and that an order entering default against Stern is the appropriate sanction.  Rule 37(d)(1)(A)(ii) provides that the Court may order sanctions against a party if "a party, after being properly served with interrogatories under Rule 33 . . . , fails to serve its answers, objections, or written response."

Additionally, under Rule 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery, the court . . . may issue further just orders."  Sanctions may include "rendering a default judgment against the disobedient party."  Id.

The Court finds that sanctions are appropriate under Rule 37(b)(2)(A) and 37(d)(1)(A) because Stern has repeatedly failed to respond to plaintiffs' written discovery requests.  He has not attempted to defend his failure in any manner, despite repeated opportunities to do so; on the contrary, as noted above, he has been completely absent from this litigation since the last status hearing on July 2, 2010.  Even before that date, his participation in the litigation was nominal.

The only issue, then, is the particular sanction to be imposed.  Considering Stern's wholesale failure to participate in this litigation for the past two months, as well as his earlier non-responsiveness, the Court determines that entry of a default is the appropriate sanction. In Webb v. Dist. of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998), the court of appeals observed that there are three basic justifications that support the use of default as a sanctions for misconduct: (1) a determination that "the errant party's behavior has severely hampered the other party's ability to present his case"; (2) "the prejudice caused to the judicial system when the party's misconduct has put 'an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay'"; and (3) "the need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'" Id. (quoting Shea v. Donohoe Constr. Co., 795 F.2d 1071, 1074-77 (D.C. Cir. 1986)).  The first and third reasons -- prejudice to plaintiffs and disrespect to the court -- clearly support entry of default against Stern in this matter.  Plaintiffs are unable to present their case for a merits resolution without any discovery from Stern and no such discovery is possible in the face of Stern's repeated failure to respond to discovery requests or orders of this Court.  It is readily

apparent that Stern's failure to respond to plaintiffs' discovery requests for the past eight months represents a willful violation of his discovery obligations, considering the lengthy extensions that already have been provided, the Court's explicit caution to Stern that further nonresponsiveness would result in entry of default, and Stern's failure to respond to even the motion for sanctions. See Weisberg v. Webster, 749 F.2d 864, 871 (D.C. Cir. 1984) (holding that "willfulness or at least gross negligence" is required to justify the most severe discovery sanctions).

Furthermore, a default is warranted by the need to sanction conduct that is disrespectful to this Court and to deter similar misconduct in the future.  Stern's disrespect for the Court is demonstrated not only by his failure to respond to plaintiffs' discovery requests, but also by his disregard of the September 9, 2010, discovery deadline, his failure to respond to plaintiffs' motion by the court-ordered deadline, and his failure to appear at the initial scheduling conference last December 2009.  The disregard Stern has shown for his discovery obligations and the schedule set by this Court shows that a court order to comply with deadlines or to take some other corrective action is unlikely to deter future misconduct.  A lesser sanction may also encourage similar misconduct by other litigants by indicating that flagrant violations will yield only minor sanctions.

The next proceeding in this case will be the filing of a motion for default judgment and an evidentiary submission on the amount of damages to be awarded to plaintiffs, which is necessary because the second amended complaint does not set forth a sum certain for the wages or damages at issue.  Plaintiffs shall submit their motion for default judgment, including any evidence in support of an award of wages or damages, by not later than October 22, 2010.[2]

---

[2]  The submission should relate to both Stern and The Cleaning Infantry, as each is now in default.

## **CONCLUSION**

For the foregoing reasons, the Court will grant plaintiffs' motion for sanctions pursuant to Fed. R. Civ. P. 37, and will enter a default against Leon Stern. A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Date:  September 21, 2010