**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SILVERIA AZAMAR, et al.<br><br>Plaintiffs,<br><br>v.<br><br>LEON C. STERN<br><br>Defendant. | Civil Action No. 08-1052 (JDB) |
| LEON C. STERN,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT COVERALL NORTH AMERICA, INC.'S**
**MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Third-Party Defendant Coverall North America, Inc. ("Coverall"), by its attorneys, moves this Court, pursuant to Rules 12(b)(4), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Defendant and Third-Party Plaintiff Leon Stern's Third-Party Complaint (i) based on insufficient process and, therefore, lack of personal jurisdiction, and (ii) for failure to state a claim upon which relief can be granted.

The Third-Party Complaint must be dismissed because the summons that Leon Stern ("Stern") served on Coverall was not signed by the clerk and does not bear the seal of this Court. The summons, in fact, was not issued by the clerk until a nearly week after Coverall's receipt of the summons and complaint.  The Third-Party Complaint must also be dismissed because Stern's claims are time-barred under the parties' Franchise Agreement, which requires that all claims be asserted within two years of the occurrence of the facts giving rise to the claims.

WHEREFORE, Third-Party Defendant Coverall North America, Inc. respectfully requests that this Court grant its motion and dismiss the Third-Party Complaint with prejudice.

Respectfully submitted,

Dated: September 15th, 2011

   /s/  John F. Dienelt
John F. Dienelt, D.C. Bar No. 110742
DLA Piper US LLP
500 Eighth Street, NW
Washington, DC 20004
Phone: (202) 799-4270
Fax:    (202) 799-5270
Email: john.dienelt@dlapiper.com

*Counsel for Third-Party Defendant*
*Coverall North America, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SILVERIA AZAMAR, et al.<br><br>Plaintiffs,<br><br>v.<br><br>LEON C. STERN<br><br>Defendant. | Civil Action No. 08-1052 (JDB) |
| LEON C. STERN,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>Third-Party Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD-PARTY
DEFENDANT COVERALL NORTH AMERICA, INC.'S MOTION TO DISMISS**

Third-Party Defendant Coverall North America, Inc. ("Coverall"), by its attorneys, submits this memorandum of points and authorities in support of its Motion, pursuant to Rules 12(b)(4), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss (i) based on insufficient process and, therefore, lack of personal jurisdiction,[1] and (ii) for failure to state a claim upon which relief can be granted.

**INTRODUCTION**

On August 5, 2011, over three (3) years after this action was filed, Defendant Leon Stern ("Stern") filed a Third-Party Complaint against Coverall claiming that Coverall breached its

---

[1] Coverall is not moving to dismiss for lack of personal jurisdiction based on the assertion that it lacks minimum contacts with this jurisdiction. However, as set forth below, Counter-Plaintiff's service of an insufficient summons necessarily deprives this Court of personal jurisdiction over Coverall.

Franchise Agreement with Stern and, further, that Coverall is somehow responsible for Stern's failure to pay his former employees the wages they earned while they worked for his franchise. That Third-Party Complaint is deficient for several reasons. First, the summons that Stern served on Coverall is patently insufficient, as it was neither signed by the clerk nor embossed with the seal of this Court. The absence of these required elements is not surprising, as a review of the Court's docket demonstrates that Stern did not even ask the clerk to issue a summons for Coverall until August 31, 2011 – six days after he placed the summons and complaint with FedEx for delivery, and five days after the deadline this Court set for effecting service on Coverall. Second, Stern's claims are time-barred, and patently so. All of the misconduct that Coverall allegedly engaged in took place in the first half of 2009. In fact, in July of 2009, Stern filed a motion to dismiss this lawsuit, claiming that Coverall was a necessary and indispensable party. Stern, however, did not file his Third-Party Complaint until August 5, 2011, over two years after the occurrence of the facts on which his claim is premised. The Franchise Agreement that Stern entered into with Coverall makes clear that all claims must be filed within two years of the occurrence of the facts on which those claims are based. Because Stern failed to comply with this provision, his Third-Party Complaint against Coverall is time-barred and should be dismissed.

## CONCISE STATEMENT OF FACTS

This case arises out of the plaintiffs' allegations that Defendant and Third-Party Plaintiff Leon Stern ("Stern") failed to pay them the wages required for the services they provided. (September 21, 2010 Memorandum Opinion, ECF Docket No. 59, at p.1) Plaintiffs' complaint alleges that, when plaintiffs demanded these wages, Stern retaliated against them by terminating their employment. Stern, in turn, claims that none of the plaintiffs worked for him, but rather for

Coverall.  (Third-Party Complaint at ¶ 36.)  Coverall is a franchisor of commercial janitorial businesses.  (Third-Party Complaint at ¶ 3.)  Stern claims that, in 2007, he entered into a Franchise Agreement with Coverall for the operation of a Coverall franchise in the Washington, D.C. metropolitan area.  (Third-Party Complaint at ¶¶ 5-6.)  According to Stern, Coverall had an "integral role" in the circumstances giving rise to this suit, which include Coverall's supposed hiring of plaintiffs to clean the account (the Cheesecake Factory) at which they performed their services.  Stern nonetheless admits that, for the period of time during which the plaintiffs performed their services (*i.e.*, through May 2008 at the latest; *see* Second Amended Complaint, ECF Docket No. 14), Stern was responsible for the Cheesecake Factory account.  (Third-Party Complaint ¶ 14.)

Originally filed in June of 2008, this case has, at various times, been at a standstill due to Stern's participation in the litigation, which this Court noted has either been nonexistent or "nominal."  (September 21, 2010 Order, ECF Docket No. 59, at p.3.)  Among other things, Stern has failed to respond to written discovery (*id.* at p.1), to attend scheduling conferences (*id.*), to respond to motions (*id.* at p.4), and to comply with this Court's Orders (*id.* at p.2).  Stern's attempt to file a third-party complaint against Coverall suffered from the same lack of attention. In July of 2009, Stern moved to dismiss this action based on the plaintiffs' failure to join Coverall, claiming that Coverall was a necessary and indispensable party.  (ECF Docket No. 43.) While this Court denied that motion (ECF Docket No. 45), Stern took virtually no steps to bring Coverall into this lawsuit.  In fact, this Court extended the deadline for Stern to file a third-party complaint against Coverall on at least four (4) different occasions – (i) by the April 23, 2010 Revised Scheduling Order, which extended the deadline for filing that complaint to May 24, 2010 (ECF Docket No. 54); (ii) by the July 2, 2010 Second Revised Scheduling Order, which

extended the deadline to August 2, 2010 (ECF Docket No. 56); (iii) by Order dated October 1,

2010, which extended the deadline to October 15, 2010 (ECF Docket No. 63); and (iv) by the

July 29, 2011 Order Resetting Schedules, which moved the deadline for Stern to file his Third-

Party Complaint to August 5, 2011.  (ECF Docket No. 75.)  That same Order made clear, in the

next Paragraph, that Stern had to serve the Third-Party Complaint on Coverall "by not later than

August 26, 2011."

Stern filed his Third-Party Complaint on August 5, 2011, as required by the July 29, 2011

Order.  He did not, however, properly serve Coverall by August 26, 2011.  Specifically, the

summons that accompanied the Complaint that Stern sent to Coverall's registered agent for

service of process by overnight mail on August 25 (the day before service had to be completed)

was not signed by the clerk and did not bear this Court's seal.  The summons lacks these required

elements because, as a review of the ECF docket demonstrates, Stern did not actually ask the

clerk issue to a summons for Coverall *until August 31, 2011* – five (5) days after the deadline,

and six (6) days after he served his "summons" on Coverall.

## ARGUMENT

**I.    The Summons That Plaintiff Served On Coverall Was Not Signed By The Clerk And Was Issued *After* This Court's Deadline For Service Of The Third-Party Complaint**

Rule 4 of the Federal Rules of Civil Procedure "sets forth the procedure by which a court

obtains personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d

565, 569 (3rd Cir. 1996).  That Rule provides, among other things, that "[a] summons must …

"be signed by the clerk" and "bear the court's seal."  Fed. R. Civ. P. 4(a)(1).  Failing to comply

with these requirements "can be fatal," as the Commentaries to the Rule make clear.  Fed. R.

Civ. P. 4 Practice Commentary C4-1 (1992 & Supp. 1996).  To that end, "[a] summons which is

not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant." *Ayres*, 99 F.3d at 569 (citing 2 James W. Moore, Moore's Federal Practice ¶ 4.05 (2d ed. 1996) ("Under Rule 4(b) only the clerk may issue the summons ... [A] summons issued by the plaintiff's attorney is a nullity."); *accord Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (courts lack personal jurisdiction over defendants "unless the procedural requirements of effective service of process are satisfied"); 4a Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1084 (2d ed. 1987).  Suits based on summons that lack the required signature or seal must, as a result, be dismissed.  *Ayres*, 99 F.3d at 569; *accord Harper v. City of New York*, 2010 WL 4788016, at *8 (E.D.N.Y. Nov 17, 2010); *McKibben v. Credit Lyonnais*, 1999 WL 604883, at *2 (S.D.N.Y. Aug 10, 1999).

A copy of the summons that Stern served on Coverall is annexed to the accompanying Declaration of Shelley Taulman ("Taulman Decl.") as Exhibit 1.  (The Taulman Decl. is annexed hereto as Exhibit A.)  As the face of that document demonstrates, the summons was never signed by the clerk and does not bear the seal of the Court.  Both failures render Stern's summons deficient, and both failures deprive this Court of jurisdiction over Coverall.  Stern's Complaint must, therefore, be dismissed.  Further, that dismissal should be with prejudice.

While this Court has the discretion to afford a plaintiff the opportunity to cure a failure to serve a compliant summons, Stern is hardly worthy of this Court's largesse.  That is particularly true in this case, as Stern not only served a defective summons on Coverall – an act consistent with his repeated failures to comply with this Court's Orders – but subsequently attempted to conceal that failure by obtaining a proper summons a week *after* he served his complaint.

After extending on four different occasions the deadline for Stern to file his Third-Party Complaint against Coverall, this Court entered an Order, dated July 29, 2011, which established

August 5, 2011 as the deadline for the filing of that complaint. (ECF Docket No. 75.) That Order made clear that Stern was required to serve the third-party complaint on Coverall by August 26, 2011. *Id.* On August 26, 2011, Coverall's agent for service of process received, by FedEx, a copy of Stern's summons and complaint. (*See* Taulman Decl. Exhibit 2.) The summons, as noted above, bore neither the clerk's signature nor the Court's seal. Apparently recognizing that his process was insufficient, on August 31, 2011 – six (6) days **after** he delivered the summons and complaint to FedEx for delivery, and five (5) days **after** the deadline for serving Coverall – Stern went to the clerk's office and had them issue a proper summons for Coverall. (*See* ECF Docket, August 31, 2011 Entry.)

In its June 9, 2011 Memorandum Opinion (which set aside the default that had been entered against Stern), this Court stated that "should Stern (either by his own design or through counsel) relapse in failing to timely respond to court orders, or otherwise fail to comply with his obligations to expeditiously litigate this case, absent extraordinary circumstances (which Stern must *promptly* make this Court aware of), the Court will not grant Stern another reprieve from default or other appropriate sanctions." (June 9, 2001 Memorandum Opinion, ECF Docket No. 72, at p. 11.) That admonition obviously fell on deaf ears. Stern has not only again failed to comply with this Court's Order; he has attempted to conceal that failure. His Third-Party Complaint should be dismissed, and that dismissal should be with prejudice.

## II.     The Third-Party Complaint Is Time-Barred

Dismissing Stern's Third-Party Complaint against Coverall will not work an injustice on Stern, for even if he had not so brazenly attempted to circumvent this Court's processes, his complaint would still have to be dismissed as time-barred. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, ⸺ U.S. ⸺, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). However, "[i]f the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Strong–Fischer v. Peters*, 554 F. Supp. 2d 19, 21–22 (D.D.C. 2008) ("A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint.") (internal quotations omitted).

The Third-Party Complaint alleges that Stern wrongfully lost the Cheesecake Factory account at "the end of 2008" (Third-Party Complaint ¶ 14), that Coverall picked up Stern's equipment two months later but never paid him for it (*id*. at ¶ 23), and that, for a period of six months after the loss of the Cheesecake Factory account (*i.e*., through June of 2009), Coverall failed to pay Stern for services he allegedly provided. (*Id*. at ¶ 64.) Shortly afterwards, on July 15, 2009, Stern moved to dismiss this lawsuit based on his assertion that Coverall, which is not mentioned in the plaintiffs' Complaint, was a necessary and indispensable party. (ECF Docket No. 43.) Stern's motion raised many of the same complaints set forth in his Third-Party Complaint. (*Id*.)

However, Stern did not file his Third-Party Complaint until August 5, 2011 – more than two years after the happening of the events about which Stern complained. Under the plain terms of the parties' Franchise Agreement, that is too late. The Franchise Agreement states, in the fourth Paragraph of the Addendum, that "[a]ny and all claims and actions arising out of or relating to this Agreement, the relationship of Franchisee [Stern] and Coverall, or Franchisee's operation of its business, brought by any party hereto against the other, shall be commenced

within two (2) years from the occurrence of the facts giving rise to such claim or action, or such claim or action shall be barred ...."   (Taulman Decl. Exhibit 3.)[2]   *See Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608 (1947) ("[I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period."); *accord Hunter-Boykin v. George Washington University*, 132 F.3d 77, 80 (D.C. Cir. 1998).   Because Stern's third-party complaint was filed more than two years after the occurrence of the facts on which his claim is based, his claims against Coverall are time-barred.[3]

---

[2]       The Court may consider the Franchise Agreement on this motion.  "A document outside the complaint may be considered on a motion to dismiss if it is "referred to in the complaint" and is 'integral to' the plaintiff's claim." *Green v. McHugh*, – F. Supp. 2d –, 2011 WL 2516067, at *1 n.2  (D.D.C. June 24, 2011) (citing *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004)); *accord Maib v. F.D.I.C.*, 771 F. Supp. 2d 14, 17 (D.D.C. 2011) ("In deciding a motion brought under Rule 12(b)(6), a court does not consider matters outside the pleadings, but a court may consider on a motion to dismiss … documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss ....") (internal quotations omitted).  Stern's Third Party Complaint, which asserts only a breach of contract claim against Coverall, is necessarily premised on the Franchise Agreement and the parties' obligations under that agreement, which are repeatedly referred to in the Third-Party Complaint.  (*See, e.g.*, Third-Party Complaint at ¶¶ 5-7, 27-30, 64-67.)

[3]       Stern's Third-Party Complaint does not relate back to the filing of this action.  As this Court stated in *Ferguson v. Local 689, Amalgamated Transit Union*, 626 F. Supp. 2d 55 (D.D.C. 2009) (Bates, J.), "[w]hen an amendment to a pleading adds a party, the amendment relates back to the date of the original complaint if it asserts a claim that arises from the same conduct, transaction, or occurrence set forth in the original complaint, and "'the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.'"  *Id.* at 60 (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 917 (D.C. Cir. 1997)).  "This Circuit reads the 'mistaken identity' requirement in a straightforward manner, and recognizes that Rule 15(c)(1)(C) is a name-correcting amendment that is intended to avoid the harsh consequences of a mistake."  *Ferguson*, 626 F. Supp. 2d at 60 (quoting *Rendall-Speranza*, 107 F.3d at 918).  "Thus, a potential defendant is entitled to the repose afforded by a statute of limitations unless it is apparent that the defendant was left out of the suit as the result of a "mere slip of the pen."  *Id.*  Stern entered into a Franchise Agreement with Coverall in 2007 – a year before this action was commenced.  His decision not to name Coverall was certainly not a slip of the pen.

## <u>CONCLUSION</u>

For the foregoing reasons, Coverall respectfully requests that the Court dismiss Stern's Third-Party Complaint, with prejudice.

Respectfully submitted,

Dated:  September 15th, 2011

__/s/__ John F. Dienelt_____
John F. Dienelt, D.C. Bar No. 110742
DLA Piper US LLP
500 Eighth Street, NW
Washington, DC 20004
Phone: (202) 799-4270
Fax:    (202) 799-5270
Email: john.dienelt@dlapiper.com

*Counsel for Third-Party Defendant*
*Coverall North America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused to be served the foregoing Third-Party Defendant Coverall North America, Inc.'s Motion to Dismiss Third-Party Complaint and accompanying Memorandum of Points and Authorities by the Court's electronic filing system, on this 15th day of September 2011.


_____/s/___John F. Dienelt_____
John F. Dienelt (D.C. Bar No. 110742)

*Counsel for Third-Party Defendant*
*Coverall North America, Inc.*