UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVERIO AZAMAR, et al.,<br><br>         Plaintiffs,<br><br>         v.<br><br>LEON STERN, et al.,<br><br>         Defendants. | Civil Action No.  08-1052 (JDB) |

# ORDER

On July 28, 2011, the Court issued a scheduling order in this case, granting leave to defendant Leon Stern to file and serve a third party complaint on Coverall, North America Inc. ("Coverall"), as well as an amended answer, including any counterclaims.  See Order ¶¶ 1-3. Plaintiffs then moved to strike the counterclaims on August 9, 2011, see Docket Entry No. 79. [1] No response has been received from Stern.  On September 15, 2011, Coverall filed a motion to dismiss the third party complaint filed against it, see Docket Entry No. 82.  Again, Stern has not opposed or otherwise responded to this motion.

Pursuant to Local Civil Rule 7(b),"[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."   Responses by Stern to both motions are long

---

[1]  Although the docket entry indicates that the motion is to strike both the third party complaint against Coverall as well as the counterclaims against plaintiffs, the motion itself is titled, "Plaintiffs' Motion to Strike Defendant's Counterclaims" and does not address the third party complaint.

overdue.  Because Stern has failed to submit *any* response or opposition to these motions, much less a timely response or opposition, it is hereby **ORDERED** that these motions are **GRANTED** as conceded.

Stern has been warned repeatedly that his failure to meet deadlines set by this Court would no longer be tolerated.  Indeed, the record is replete with instances of Stern's failure to appear for scheduled hearings and to comply with court orders, including court-mandated deadlines.  Nor has Stern's present counsel been free from judicial criticism.  As this Court advised Stern in its memorandum opinion granting his motion to vacate the entry of default against him, "should Stern (either by his own design or through counsel) relapse in failing to timely respond to court orders, or otherwise fail to comply with his obligations to expeditiously litigate this case, absent extraordinary circumstances (which Stern must *promptly* make this Court aware of) the Court will not grant Stern another reprieve . . . ."  See Docket Entry No. 72, Mem. Op. at 11 (June 6, 2011).  It further cautioned Stern that, "[a]lthough the Court has endeavored to be accommodating, this tolerance has its limits." Id. at 5.

Not only has Stern failed to respond to the motions, but on the strength of the arguments as to the merits of their motions, plaintiffs and third party defendant Coverall would likely prevail. For example, there is no basis in the factual allegations that would plausibly support Stern's claims that plaintiffs instituted this suit in bad faith so as to constitute malicious prosecution or an abuse of process, nor that their filing of this suit rises to the level of conduct so outrageous so as to constitute intentional infliction of emotional distress.  Moreover, as Coverall indicates, Stern did not properly serve the third party complaint pursuant to Federal Rule of Civil Procedure 4(a) and (b), which requires the summons to be signed by the clerk and to bear the

court's seal, within the time allotted by the Court. In any event, Stern's claims against Coverall also appear time-barred.

Accordingly, upon consideration of [79] plaintiffs' motion to strike Stern's counterclaims and [82] Coverall's motion to dismiss the third party complaint, the lack of objections to the motions, and the entire record therein, it is hereby **ORDERED** that the motions are **GRANTED**.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date:  Ocotber 24, 2011